# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CRISTAL MAY,                    *
                                *
        Plaintiff,              *
                                *
        v.                      *          CV 215-053
                                *
ALAN DAVID TUCKER; ALAN DAVID   *
TUCKER ESQ., P.C.; DARLENE      *
WATERS; WILLIAM L. "DUB"        *
WATERS; and TWIN OAKS           *
RESTAURANT, INC.,               *
                                *
        Defendants.             *


## ORDER

This matter is before the Court on a Motion to Dismiss and
Motion for Judgment on the Pleadings filed by Defendants Alan
David Tucker ("Tucker") and Alan David Tucker Esq., P.C.
(collectively, the "Tucker Defendants").  Dkt. No. 14.[1]  Also
before the Court is a Motion to Remand made by Plaintiff Cristal
May ("Plaintiff").  Dkt. No. 15.  For the reasons set forth
herein, the Tucker Defendants' Motion to Dismiss and Motion for

---

[1]  While appearing in Plaintiff's Complaint and upon the docket of this
case as "Alan David Tucker PC," the pleadings reflect that the actual
name of this entity is "Alan David Tucker Esq., P.C."  See Dkt. No.
14-1, p. 1 n.1.  The Clerk of Court is thus **DIRECTED** to correct the
name of this Defendant on the docket.

Judgment on the Pleadings (dkt. no. 14) are **DENIED**. Plaintiff's

Motion to Remand (dkt. no. 15) is also **DENIED**.[2]

## FACTUAL BACKGROUND

From approximately November 2013 until February 14, 2014,

Plaintiff worked as a food preparer and waitress at Defendant

Twin Oaks Restaurant, Inc. ("Twin Oaks"). Dkt. No. 1-1

("Compl."), ¶ 8. At all relevant times, Twin Oaks was owned and

operated by Defendants Darlene Waters ("Darlene Waters") and her

husband, William L. "Dub" Waters ("William Waters"). Id. at ¶

13. During the course of her employment, Plaintiff began to

believe that Darlene Waters and William Waters were managing

Twin Oaks in a racially discriminatory manner. Id. at ¶ 19.

Plaintiff voiced these concerns to and sought legal advice

from Tucker, a regular patron of Twin Oaks and licensed attorney

practicing through Alan David Tucker Esq., P.C. Id. at ¶¶ 9-10,

20, 24-26. According to Plaintiff, Tucker promptly communicated

her complaints to William Waters. Id. at ¶ 27. When Plaintiff

arrived at Twin Oaks on her next scheduled work day—February 14,

---

[2]  The docket of this case shows that two additional motions remain
pending: a Motion to Intervene (dkt. no. 9) and a Motion to Withdraw
as Attorney (dkt. no. 38), both filed by Country Mutual Insurance
Company. As Country Mutual Insurance Company has been dismissed from
this action pursuant to a Court Order dated October 7, 2015, dkt. no.
39, the Motion to Intervene (dkt. no. 9) is hereby **DISMISSED as moot.**
Further, the Motion to Withdraw as Attorney at docket entry number 38
was refiled at docket entry number 44, and the Court granted this
Motion on December 17, 2015, dkt. no. 46. Because the Court's ruling
was recorded only at the second docket entry, the Clerk of Court is
**DIRECTED** to update the original docket entry (dkt. no. 38) to reflect
the granting of this Motion.

2014—William Waters informed her that her employment at the restaurant was terminated. Id. at ¶ 28.

## PROCEDURAL BACKGROUND

On March 20, 2015, Plaintiff filed suit against Twin Oaks, Darlene Waters, William Waters (collectively, the "Waters Defendants"), and the Tucker Defendants in the Superior Court of Glynn County. See generally id. In count one of the Complaint, Plaintiff alleges retaliation under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). Id. at ¶¶ 33-39. Plaintiff's pleadings under Title VII state, in pertinent part:

> All conditions precedent to jurisdiction under the Civil Rights Act of 1964 have occurred, including [Plaintiff's] exhaustion of all applicable administrative remedies, including specifically, her filing of a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). See attached, Exhibit A. [Plaintiff] has timely filed this Complaint within ninety (90) days of receipt of the right-to-sue letter delivered to her by the EEOC. See attached Exhibit B.

Id. at ¶ 37. Although citing to the attached EEOC materials, the record reflects that Plaintiff did not, in fact, file these attachments along with the Complaint in the state court. See generally id.; see also Dkt. No. 24, Exs. A-B.

Additionally, Plaintiff's Complaint sets forth the following claims for relief: retaliation in violation of 42 U.S.C. § 1981, compl., ¶¶ 40-45 (count two); conspiracy to

violate civil rights, id. at ¶¶ 46-50 (count three); breach of fiduciary responsibility, id. at ¶¶ 51-57 (count four); and interference with business and employment relationship, id. at ¶¶ 58-64 (count five). Plaintiff claims that she is entitled to a reinstatement of her employment and other equitable relief. Id. at ¶¶ a-c. Plaintiff also seeks compensatory and punitive damages, attorneys' fees, expenses of litigation, and costs from Defendants. Id. at ¶¶ d-h.

On April 20, 2015, William Waters filed an Answer to the Complaint. Dkt. No. 1-2. On April 22, 2015, all of the Defendants jointly filed a Notice of Removal to this Court, on the basis that the suit involves several federal causes of action. Dkt. No. 1, ¶¶ 6-8. With the Notice of Removal, the Defendants filed copies of Plaintiff's Complaint and William Waters' Answer. See Compl.; Dkt. No. 1-2. The Tucker Defendants also filed a Motion to Dismiss and Motion for Judgment on the Pleadings and supporting brief, as well as an Answer, on that date. Dkt. Nos. 1-3 to -5.

Upon removal, the Court ordered that the parties refile in this Court any pending motions and responses previously filed in the state court. Dkt. No. 3. Accordingly, on April 23, 2015, the Tucker Defendants submitted a Statement of Motions Pending identifying only their Motion to Dismiss and Motion for Judgment on the Pleadings, dkt. no. 5, and later filed copies of their

Motions and supporting brief, dkt. no. 14, upon the docket of this case. Twin Oaks and Darlene Waters filed a similar Statement of Motions Pending on April 23, 2015, though adding in their Statement an assertion that they adopted the Tucker Defendants' Motions as their own. Dkt. No. 6. William Waters filed an Adoption of Motion on May 12, 2015, which also purports to assume the Tucker Defendants' arguments. Dkt. No. 12. The Court entered an Informative Notice indicating that William Waters' Adoption of Motion was deficient and that any motion to this effect pending upon removal would need to be refiled, dkt. no. 13, but William Waters did not make any further submissions in this regard.

Plaintiff responded to the Tucker Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings on June 8, 2015, dkt. no. 23, to which the Tucker Defendants then filed a Reply, dkt. no. 33. Additionally, Plaintiff filed a Motion to Remand to the state court on May 22, 2015, dkt. no. 15, and later submitted a Supplemental Brief in support thereof, dkt. 27. The Tucker Defendants responded in opposition to Plaintiff's Motion on June 11, 2015, dkt. no. 28, and Plaintiff subsequently filed a Reply, dkt. no. 31. The Tucker Defendants' Motions (dkt. no. 14) and Plaintiff's Motion (dkt. no. 15) are now before the Court for review.

**DISCUSSION**

Although the Tucker Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings (dkt. no. 14) predate the filing of Plaintiff's Motion to Remand (dkt. no. 15), the Court's ruling on the issue of remand will dictate whether the Court should decide the pending dispositive motions or leave them for resolution in state court. The Court thus addresses Plaintiff's Motion to Remand before turning to the remaining motions.

**I. Plaintiff's Motion to Remand (Dkt. No. 15)**

Plaintiff's Motion asks that the Court remand this action to the state court based on alleged deficiencies in the Defendants' joint Notice of Removal. Dkt. No. 15. Plaintiff quotes Defendants' representation in the Notice of Removal that they had "[a]ttached . . . all documents filed in the Superior Court [a]ction." Id. at p. 5 (alterations in original) (quoting Dkt. No. 2, p. 2). Plaintiff points out, however, that the documents filed in the state court and served upon Defendants included proof of service of process and three orders of that court, which were not attached to Defendants' Notice, id., and which Plaintiff submits in support of her Motion, id. at Exs. A–

AO 72A
(Rev. 8/82)

C.[3] Though recognizing that the law "does not _require_ remand where the notice of removal lacks necessary documents," Plaintiff emphasizes that the Court nevertheless has discretion to close its doors to Defendants on this basis. Id. at p. 6 (emphasis in original) (citing Covington v. Indemn. Ins. Co. of N. Am., 251 F.3d 930 (5th Cir. 1958)).

Although the Tucker Defendants filed a Notice of Intent to file a Response to Plaintiff's Motion on May 29, 2015, dkt. no. 20, Plaintiff's Supplemental Brief, filed June 10, 2015, notes that these Defendants ultimately did not do so prior to the response deadline, dkt. no. 27. Plaintiff's Supplemental Brief thus requests that the Court grant her Motion for this additional reason. Dkt. No. 27, p. 1.

Nevertheless, the Tucker Defendants filed their Response the next day—on June 11, 2015—urging the Court to deny Plaintiff's Motion for a remand. Dkt. No. 28. As to the tardiness of their filing, the Tucker Defendants cite administrative error in calculating the response deadline. Id. at pp. 3-4. Additionally, the Defendants emphasize that "[t]he only documents that Defendants inadvertently did not file with the Court along with their [N]otice of [R]emoval consist of notices of service and two Superior Court orders reassigning the

---

[3] While Plaintiff represents that three orders were entered in the state court, dkt. no. 15, p. 5, the attachments to her Motion evidence the existence of only two state-court orders, id. at Exs. B-C.

case to other sitting judges due to recusal." Id. at p. 2 (citing Dkt. No. 15, Exs. A–C. The Tucker Defendants argue that any defect owing to the state-court documents not included upon removal is procedural rather than jurisdictional in nature and can be cured by supplying the missing documents at a later time. Id. at p. 3 (citing Hooker v. Sec'y, Dep't of Veterans Affairs, 599 F. App'x 857, 859 (11th Cir. 2014)). Because both Plaintiff and the Tucker Defendants attach the missing documents to their briefs, these Defendants maintain that any technical error has been remedied and does not warrant remand. Id. at p. 4 & Ex. A.

28 U.S.C. § 1441(a) ("Section 1441(a)") provides that an action filed in state court may be removed to federal district court if the case could have been brought in federal district court originally. See 28 U.S.C. § 1441(a) (requiring that the case be one "of which the district courts of the United States have original jurisdiction"). A federal district court has original jurisdiction over cases where, as here, a cause of action "aris[es] under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Section 1441(a) states that defendants seeking to remove an action on this basis must file in the district court "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and

orders served upon such . . . defendants in such action." 28 U.S.C. § 1446(a).

Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may . . . order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." Hernandez v. Seminole Cty., 334 F.3d 1233, 1236–37 (11th Cir. 2003) (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1252–53 (11th Cir. 1999)).[4]  Relevant to this inquiry is that the removing party bears the burden of establishing that the case was properly removed.  Thalacker v. Concessions Int'l, LLC, No. 1:06CV2685 WSD, 2007 WL 521902, at *2 (N.D. Ga. Feb. 15, 2007) (citing Lampkin v. Media Gen., Inc., 302 F. Supp. 2d 1293, 1294 (M.D. Ala. 2004)).  Additionally, "[t]he failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect."

---

[4]  This statute states, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).

AO 72A
(Rev. 8/82)

Hooker, 599 F. App'x at 860 (quoting Cook v. Randolph Cty., 573 F.3d 1143, 1150 (11th Cir. 2009)) ("[M]ere modal or procedural defects are not jurisdictional . . . . and are completely without effect upon the removal, if the case is in its nature removable." (omission in original) (quoting Covington, 251 F.3d at 933)). The parties may supply any documents missing from the removal notice at a later time. Id. (citing Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 (11th Cir. 1985), and Covington, 251 F.2d at 933).

As an initial matter, the Court declines to remand on the basis that the Tucker Defendants filed their Response three days after the response deadline. Their slight delay in this instance does not, by itself, justify ignoring their Response and granting Plaintiff's remand Motion as unopposed.

Nor does the Defendants' omission of the process papers and state-court orders from their Notice of Removal warrant remand. While perhaps the failure to include these documents was a defect in the removal procedure, this defect was relatively minor and was cured by the eventual filing of the documents upon the docket of this case. See Walton v. Bayer Corp., 643 F.3d 994, 998 (7th Cir. 2011) (remand not warranted where the defendants neglected to file summonses with their removal papers but submitted the same after the removal deadline); Countryman v. Farmers Ins. Exchange, 639 F.3d 1270, 1273 (10th Cir. 2011)

AO 72A
(Rev. 8/82)

("The omission of a summons from Defendants' joint notice of removal was an inadvertent, minor procedural defect that was curable, either before or after expiration of the thirty-day removal period.").

Moreover, Plaintiff does not contend—and nothing in the record suggests—that the late submission of these materials is harmful to her, this Court, the state court, or the resolution of any matter at issue in this litigation. See Walton, 643 F.3d at 998 (no remand where the delayed filing did not cause harm); Countryman, 639 F.3d at 1273 (no remand where the omission neither prejudiced the plaintiff nor materially impaired the district court's ability to proceed with the action). For these reasons, any deficiency in Defendants' filings at the time of removal does not support a remand of this case. Plaintiff's Motion to this end is, therefore, **DENIED**.

## II. Tucker Defendants' Motion to Dismiss (Dkt. No. 14)

In their Motion to Dismiss, filed with the Notice of Removal on April 22, 2015, and later refiled in this Court, the Tucker Defendants request a dismissal of Plaintiff's Title VII claims in count one of the Complaint. Dkt. Nos. 14-1 to -2; see also Dkt. Nos. 1-3 to -4. Specifically, the Tucker Defendants contend that the Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims for three reasons: (1) Plaintiff failed to exhaust her administrative remedies against these

Defendants; (2) the Complaint fails to suggest that Alan David Tucker Esq., P.C. meets Title VII's numerosity requirement; and (3) Title VII does not impose liability on individuals such as Tucker. Dkt. No. 14-2, pp. 7-10.

In her Response, Plaintiff maintains that the Court should deny the Tucker Defendants' Motion to Dismiss on the grounds that it was improperly filed after the filing of their original Answer. Dkt. No. 23, p. 4. Plaintiff explains that the Tucker Defendants served and filed an Answer in the state-court action on April 15, 2015, though the Defendants did not include it in the Notice of Removal on April 22, 2015, and instead submitted a different Answer dated that same day. Id. at p. 2 & n.1. Plaintiff attaches to her Response a copy of the Tucker Defendants' original Answer containing the signature of their counsel and a certificate of service upon Plaintiff. Id. at Ex. A; Dkt. No. 30-1. In any event, Plaintiff argues that dismissal of her Title VII claims is improper, because Plaintiff seeks to hold only Twin Oaks, and not the Tucker Defendants, liable under Title VII. Dkt. No. 23, pp. 1, 6-7.[5]

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain both "a short and plain statement

---

[5] Plaintiff notes that she has exhausted her administrative remedies with respect to Twin Oaks, dkt. no. 23, p. 7, and submits copies of her EEOC charge against Twin Oaks for racial discrimination and retaliation in connection with the events alleged in this case, dkt. no. 24, Ex. A, as well as the EEOC's Notice of Right to Sue on this charge, id. at Ex. B.

AO 72A
(Rev. 8/82)

of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Accordingly, a responding party may defend on grounds of a "lack of subject-matter jurisdiction" or a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(1), (6) ("Rule 12(b)(1)" and "Rule 12(b)(6)," respectively). These defenses "must be asserted in the responsive pleading if one is required" or in a motion "made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

In the case at bar, the Tucker Defendants forfeited the opportunity to raise a jurisdictional defense by motion. A responsive pleading was not only allowed but required, and, accordingly, these Defendants were required to raise the defense of lack of subject-matter jurisdiction in an answer or in a pre-answer motion. Significantly, Plaintiff shows that the Tucker Defendants served and filed an Answer in the state court on April 15, 2015, see dkt. no. 23, p. 2 & Ex. A; dkt. no. 30—an Answer that sets forth a failure-to-state-a-claim defense but is silent as to subject-matter jurisdiction, dkt. no. 23, Ex. A.

Defendants do not rebut this showing, instead emphasizing that the Answer filed along with the Notice of Removal and the instant Motion on April 22, 2015, is timestamped just minutes after the filing of those documents. See Dkt. No. 33, p. 2.

AO 72A
(Rev. 8/82)

However, the Answer filed on April 22, 2015, was not the Tucker Defendants' first responsive pleading and is an entirely different document than their original Answer.  Compare Dkt. No. 1-5, with Dkt. No. 23, Ex. A.

Because it appears that the Tucker Defendants originally filed an Answer on April 15, 2015, their attempt to assert a jurisdictional defense in a Motion dated April 22, 2015, is ineffective.  See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 971 n.6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims.  Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief.").  The Tucker Defendants' Motion to Dismiss must, therefore, be **DENIED**.

However, even in the absence of a proper motion, the Court considers the Tucker Defendants' arguments pursuant to its obligation to resolve jurisdictional issues sua sponte.  See Fed. R. Civ. P. 12(h)(3) (a court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction" (emphasis added)); BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., Inc., 317 F.3d 1270, 1297 n.17 (11th Cir. 2003) (Tjoflat, J., dissenting) ("If the parties do not raise the question of lack of jurisdiction, it is the

AO 72A
(Rev. 8/82)

duty of the federal court to determine the matter sua sponte."
(emphasis omitted)). The Defendants' arguments regarding
subject-matter jurisdiction relate entirely to Plaintiff's Title
VII claims, see dkt. no. 14-2, pp. 7-10, yet Plaintiff expressly
states in her Response that the Title VII claim is directed
toward only Twin Oaks, not these Defendants, see dkt. no. 23,
pp. 6-7. Based on Plaintiff's representation, the Tucker
Defendants' arguments are moot, as there are no Title VII claims
against them that could possibly present jurisdictional issues.

### III. Tucker Defendants' Motion for Judgment on the Pleadings (Dkt. No. 14)

The Tucker Defendants also seek judgment on the pleadings
in their favor on Plaintiff's claims for retaliation (counts one
and two), conspiracy (count three), and tortious interference
with business and employment relationship (count five), based on
their alleged lack of involvement in Plaintiff's employment or
termination. Dkt. No. 14-2, pp. 10-16. Plaintiff counters that
the Tucker Defendants' Motion should be denied as meritless.
Dkt. No. 23, pp. 7-17.

A defendant may challenge the legal sufficiency of a
complaint in a motion for judgment on the pleadings filed
"[a]fter the pleadings are closed—but early enough not to delay
trial." Fed. R. Civ. P. 12(c) ("Rule 12(c)"). "Pleadings are
considered 'closed' when all defendants have filed answers to

AO 72A
(Rev. 8/82)

the complaint." <u>Jordan v. Def. Fin. & Accounting Servs.</u>, No. 8:14-CV-958-T-33TGW, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014) (alteration in original) (quoting <u>Gelsomino v. Horizon Unlimited, Inc.</u>, No. 07-80697, 2008 U.S. Dist. LEXIS 68907, at *6 n.3, 2008 WL 4194842 (S.D. Fla. Sept. 9, 2008)).

The Tucker Defendants' Motion is premature. As of the date of this Order, Darlene Waters and Twin Oaks still have not filed a responsive pleading. As the Tucker Defendants filed the instant Motion long before the close of the pleading period, the Motion is **DENIED** as improper at this time.

## IV. The Waters Defendants' Filings Adopting the Tucker Defendants' Arguments (Dkt. Nos. 6, 12)

Twin Oaks and Darlene Waters' Statement of Motions Pending, filed April 23, 2015, purports to adopt the Tucker Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings. Dkt. No. 6. William Waters makes a similar assertion in his Adoption of Motion dated May 12, 2015. Dkt. No. 12.

### A. Dismissal

Rule 12(b) explicitly states that a defendant must raise the defense of lack of subject-matter jurisdiction "in the responsive pleading if one is required" or in a motion "made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Additionally, Federal Rule of Civil Procedure 7(b)(1) makes clear that "[a] request for a court order must be

AO 72A
(Rev. 8/82)

made by motion." Fed. R. Civ. P. 7(b)(1). This Court's Order upon removal and Informative Notice to William Waters further stressed the importance of refiling any such request pending in the state court as a motion in this case. See Dkt. Nos. 3, 13.

Despite these clear and unequivocal instructions, the Waters Defendants have not properly filed a motion to dismiss with this Court. Instead, they have filed documents entitled, "Statement of Motions Pending" (dkt. no. 6) and "Adoption of Motion" (dkt. no. 12), in which they purport to adopt the jurisdictional defense and request for dismissal asserted in a motion made by other Defendants. The Waters Defendants' noncompliance with the procedures for raising these matters is especially significant here, as Plaintiff has responded only to the Tucker Defendants' arguments for their own dismissal and thus has had no opportunity to respond to any grounds for dismissal of the Waters Defendants. See Dkt. No. 23, pp. 4-7.

Even if William Waters had properly filed a motion to dismiss in place of his Adoption of Motion, the dismissal motion would be due to be denied. Because the record reflects that William Waters filed an Answer to Plaintiff's Complaint on April 20, 2015, dkt. no. 1-2, he could not later move to dismiss the Complaint on jurisdictional grounds, see Fed. R. Civ. P. 12(b). By contrast, Twin Oaks and Darlene Waters had not filed an answer at the time of filing their Statement of Motions Pending,

AO 72A
(Rev. 8/82)

and, therefore, could have raised a jurisdictional defense by motion at that time. Although Twin Oaks and Darlene Waters still have not filed an answer in this action, the time for making such motion has long since passed. See Fed. R. Civ. P. 12(a)(1)(A) (defendant must serve an answer within twenty-one days of receiving service or, if waiving service, within sixty days after the request for waiver was sent); Fed. R. Civ. P. 12(b) (motion to dismiss for lack of subject-matter jurisdiction must be raised before the filing of an answer). However, because Darlene Waters and Twin Oaks apparently have proceeded under the belief that their obligation to file an answer was contingent on this Court's ruling on dismissal, see Fed. R. Civ. P. 12(a)(4), the Court will allow them **fourteen (14) days from the date of this Order** to file such responsive pleading.

Notwithstanding the Waters Defendants' failure to properly move for dismissal on jurisdictional grounds, the Court takes up the issue of subject-matter jurisdiction sua sponte. See Fed. R. Civ. P. 12(h)(3); BellSouth Telecomms., Inc., 317 F.3d at 1297 n.17. Among the arguments of the parties is that this Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims based on an alleged (1) failure to exhaust administrative remedies, (2) failure to meet the numerosity requirement, and (3) improper assertion of liability against an individual. See Dkt. No. 14-1, pp. 7-10; see also Dkt. Nos. 6,

12. As Plaintiff has represented that the Title VII claim is against only Twin Oaks, dkt. no. 23, p. 1, the Court limits its consideration of subject-matter jurisdiction to this Defendant.

The Court finds no reason to dismiss the Title VII claim based on the jurisdictional prerequisite of exhaustion. Chanda v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000) ("The filing of an administrative complaint with the EEOC is ordinarily a jurisdictional prerequisite to a Title VII action."). Plaintiff alleges in the Complaint that she has "exhaust[ed] . . . all applicable administrative remedies, including specifically, [the] filing of a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC)" and "receipt of [a] right-to-sue letter delivered to her by the EEOC." Compl., ¶ 37 (citations omitted). Although Plaintiff's Complaint references an attached EEOC charge and right-to-sue letter but does not, in fact, include any attachments, Plaintiff has since filed these documents with the Court. See Dkt. No. 24, Exs. A-B; see also Dubisar-Dewberry v. Folmar, 883 F. Supp. 648, 651 (M.D. Ala. 1995) (consideration of an EEOC charge of discrimination that is referenced in the complaint, but not attached thereto, does not convert a ruling on dismissal into one for summary judgment (citing Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), and Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st

AO 72A
(Rev. 8/82)

Cir. 1991))); Kearney Const. Co., LLC v. Bank of Am. Corp., No. 809-CV-1912-T-33TBM, 2010 WL 1141578, at *4 (M.D. Fla. Mar. 23, 2010) (same (citing Darby v. S.B. Ballard Const. Co., No. 3:05-CV-199-J-32-MCR, 2005 WL 2077299, at *4 n.5 (M.D. Fla. Aug. 26, 2005))). Because Plaintiff's Title VII claim against Twin Oaks relates to the same allegations in the EEOC charge, and the right-to-sue letter is based on that charge, Plaintiff sufficiently demonstrates satisfaction of this administrative prerequisite to suit.

Nor does the numerosity requirement under Title VII—which states that an employer must meet a certain minimum number of employees for Title VII to apply—provide jurisdictional grounds for dismissal. See Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006) ("[W]e hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."). Finally, that Title VII is inapplicable to individuals has no bearing on the claim against Twin Oaks as a company. Thus, the Court finds, at this stage, that there are no jurisdictional issues precluding Plaintiff from proceeding with her Title VII claim against Twin Oaks in this Court.

**B. Judgment on the Pleadings**

To the extent that the Waters Defendants seek to adopt the Tucker Defendants' Motion for Judgment on the Pleadings, see

AO 72A
(Rev. 8/82)

dkt. nos. 6, 12, their attempt to do so is ineffective for the reasons discussed with regard to dismissal. See Fed. R. Civ. P. 12(c) ("[A] party may move for judgment on the pleadings." (emphasis added)); see also Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion." (emphasis added)). Even if the Waters Defendants had properly moved the Court for judgment on the pleadings, any such motion would be subject to denial as premature. See Fed. R. Civ. P. 12(c) (motion for judgment on the pleadings must be filed "[a]fter the pleadings are closed").

### CONCLUSION

Based on the foregoing, the Tucker Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings (dkt. no. 14) are **DENIED**. Plaintiff's Motion to Remand (dkt. no. 15) is also **DENIED**. Darlene Waters and Twin Oaks are hereby **ORDERED** to file answers to the Complaint **within fourteen (14) days from the date of this Order**.


**SO ORDERED**, this 22ND day of January, 2016.


LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)